IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MINH NGUYEN, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-15-1958 |
| § | |
| FEDERAL NATIONAL MORTGAGE § | |
| ASSOCIATION a/k/a FANNIE MAE, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge upon referral from the District Judge is Defendant Fannie Mae's 12(b)(6) Motion to Dismiss and Motion to Remove Lis Pendens (Document No. 3). As of this date, Plaintiff, who is proceeding *pro se*, has not filed a response to the motion.

Having considered the motion, the parties' pleadings and allegations in support, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Rule 12(b)(6) Motion to Dismiss be GRANTED and Plaintiff's claim for specific performance be DISMISSED for failure to state a claim for which relief may be granted, but that Defendant's Motion to Remove Lis Pendens be DENIED.

This action, which was removed by Defendant from the 434th District Court of Fort Bend County, Texas, is based on Plaintiff's claim that he is entitled to specific performance of a real estate sale. The entirety of Plaintiff's allegations are as follows:

> CAUSE OF ACTION AGAINST Federal National Mortgage Association aka Fannie Mae. Undisputed facts are that Minh Nguyen "Plaintiff" and Federal National Mortgage Association "Defendant." That Plaintiff Minh Nguyen entered signed [sic] an earnest money contract to purchase resident [sic] located at 103 Nina Lane, Stafford, Texas. Plaintiff Minh Nguyen worked diligently to get all necessary documents such as appraisals, inspections and final approvals. Because of the delay

> in getting final approval from mortgage company [ ] Plaintiff requested an extension for losing and Defendant['s] representative the placed unnecessary duress to Plaintiff to close within ten (10) days or lose their $2500 Earnest money[,] not allowing sufficient time for plaintiff to make a sound decision. Because of the undue pressure plaintiff terminated the contract two days to closing and plaintiff still had two days left under original contract date. The loan was approved in a timely manner but the plaintiff under undue pressure released the earnest money contract. Causing the plaintiff to make a decision from the stress and pressure made by the representative and pressure of losing the opportunity to purchase their dream home plaintiff feels he has suffered unfair action towards him. Plaintiff therefore requests for a fair and equal opportunity to close the transaction.

Plaintiff's Original Petition for Specific Performance (Document No. 1-3 at 3). Attendant to the state court petition for specific performance, Plaintiff filed a "Notice of Lis Pendens" on the property.

Prior to removal, Defendant filed a Answer and Affirmative Defenses. Upon removal, Defendant filed its 12(b)(6) Motion to Dismiss and Motion to Remove Lis Pendens (Document No. 3). In that motion, Defendant argues that Plaintiff has not and cannot state a claim for specific performance because he admits in his pleading that he "terminated" the contract prior to closing. Defendant asks that Plaintiff's specific performance claim be dismissed, and that the court enter an "Order vacating the *lis pendens* filed in Fort Bend County under Clerks No. 2015055598 because Plaintiff has no interest in, or claim to, the Property." (Document No. 3 at 5).

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

"The equitable remedy of specific performance may be awarded upon a showing of breach of contract. However, to be entitled to specific performance of a contract, a party must show that the contract in question is valid and enforceable." *Elijah Ragira/VIP Lodging Group, Inc. v. VIP Lodging Group, Inc.*, 301 S.W.3d 747, 754 (Tex. App.–El Paso 2009) (internal citations omitted), In addition, a party seeking specific performance "must plead and prove he was ready, willing, and able to timely perform his obligations under the contract." *DiGiuseppe v. Lawler*, 269 S.W.3d 588 (Tex. 2008). Here, based on Plaintiff's allegations that he "terminated" the contract before the

closing date so that he would not run the risk of losing his earnest money in the event he was unable to obtain timely financing, allegations which must be taken as true in a Rule 12(b)(6) context, Plaintiff has not, and cannot state a claim for specific performance. Plaintiff terminated the contract and cannot now seek performance of a contract that he, himself, terminated. Plaintiff's specific performance claim should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

With respect to Defendant's additional request, that the Court vacate the *lis pendens* that Plaintiff filed on the property in Fort Bend County, Texas, a review of Defendant's pleadings shows that Defendant did not assert any claims of its own, and did not ask for any type of affirmative relief (other than attorneys' fees and costs) in its Answer. *See* Document No. 1-3 at 11-14. In the absence of a pleading that would support a vacating of the lis pendens, that relief is not available herein. Accordingly, the Magistrate Judge

RECOMMENDS that Defendant's Rule 12(b)(6) Motion to Dismiss (Document No. 3) be GRANTED and Plaintiff's specific performance claim be DISMISSED. The Magistrate Judge further

RECOMMENDS that Defendant's Motion to Remove Lis Pendens (Document No. 3) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this ___7th___ day of October, 2015.

                                                                                  FRANCES H. STACY
                                                                                   UNITED STATES MAGISTRATE JUDGE