Case 4:15-cv-01958   Document 8   Filed in TXSD on 12/08/15   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
December 08, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

```
MINH NGUYEN,                       §
                                   §
         Plaintiff,                §
                                   §
VS.                                §    Civ. A. H-15-1958
                                   §
FEDERAL NATIONAL MORTGAGE          §
ASSOCIATION a/k/a FANNIE MAE,      §
                                   §
         Defendant.                §
```

## OPINION AND ORDER

Pending before the Court in the above referenced cause, removed from state court and seeking as "specific performance" and a "fair and equal opportunity to close the transaction" a court order to force Defendant Federal National Mortgage Association ("Fannie Mae") to sell a property known as 103 Nina Lane, Stafford, Texas 77477 (the "Property"), to *pro se* Plaintiff Minh Nguyen, are (1) Fannie Mae's Rule 12(b)(6) motion to dismiss and motion to remove *lis pendens* (instrument #3), to which Plaintiff has failed to file a response, and (2) United States Magistrate Frances Stacy's memorandum and recommendation that the motion to dismiss be granted and the motion to remove *lis pendens* be denied. No objections to the memorandum and recommendation have been filed.

### Standards of Review

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

The plaintiff's legal conclusions are not entitled to the same assumption. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."), *citing Bell Atlantic Corp. v. Twombly*, 556 U.S. 662, 678 (2007); *Hinojosa v. U.S. Bureau of Prisons*, 506 Fed. Appx. 280, 283 (5th Cir. Jan. 7, 2012).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir.

2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974).  "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully."  *Twombly*, 550 U.S. at 556.  Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'"  *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

In *Ashcroft v. Iqbal*, 556 U.S. at 679, the Supreme Court stated that "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b).  *Iqbal*, 129 S. Ct. at 1949.  The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  "Dismissal is proper if the complaint lacks an allegation

regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

Although courts must liberally construe the allegations of a *pro se* plaintiff under a less stringent standard than formal pleadings drafted by attorneys and must consider all of the *pro se* plaintiff's complaint, including all affidavits, if after considering all of his attachments and documents subsequently filed plaintiff has still failed to state a claim, the Court may dismiss the complaint. *Clark v. Huntleigh Corp.*, 119 Fed. Appx. 666, 667 (5th Cir. Jan. 12, 2005); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

> Title 28 U.S.C. § 636(b)(1) provides,
>
> (A) A judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings including evidentiary hearings, and to submit to a judge of the court proposed findings fo fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

When no timely objection to a magistrate judge's memorandum and recommendation is filed by any party, the district court need only

satisfy itself that there is no clear error on the fact of the record to accept the magistrate judge's memorandum and recommendation. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2008).

**Fannie Mae's Motion to Dismiss and Remove Lis Pendens (#3)**

Fannie Mae explains that in a previous case, Plaintiff, represented by counsel at the time, claimed that Fannie Mae was not entitled to foreclose on the Property as it was not the holder of the note. The Court disagreed and held that Fannie Mae was entitled to enforce its rights under the Note, including foreclosure. *Minh D. Nguyen and Esther Chung v. Fed. Nat'l Mortg. Assoc. a/k/a Fannie Mae*, H-12-2307, instruments #34 and 41. As alleged in his Petition in this suit (#1-3), Fannie Mae then tried to sell the property, and Plaintiff entered into a contract to purchase the Property, but was unable to close. He requested and was granted a ten-day extension to close on the Property or, as warned, if he failed to do so he would lose his earnest money. Because he did not want to lose the earnest money, he "terminated the contract two days [prior] to closing" and "released the earnest money contract." #1-3 at p. 3.

The Notice of Termination (Ex. A to #3) shows (1) the sales agreement was entered into on February 27, 2015; (2) Plaintiff's loan was not approved on time; (3) he was granted two extensions to obtain lender approval but was unable to do so; and (4) his $2,5000 in earnest money was refunded to him. Despite the fact that he terminated the contract, as shown by Exhibit A and as

conceded by Plaintiff in his Petition, he now seeks an order requiring Fannie Mae to sell him the Property.

Fannie Mae points out, "An essential element in obtaining the equitable remedy of specific performance is that the party seeking such relief must plead and prove he is ready, willing, and able to timely perform his obligations under the contract." *DiGiuseppe v. Lawler*, 269 S.W. 3d 588, 593 (Tex. 2008). "'To be entitled to specific performance, the plaintiff must show that it has substantially performed its part of the contract, and that it is able to continue performing its part of the agreement. The plaintiff's burden of proving readiness, willingness and ability is a continuing one that extends to all times relevant to the contract and thereafter." *Id.* at 594, *quoting* 25 Richard A. Lord, *Williston on Contracts* § 67:15, at 236-37 (4th ed. 2002)(citations omitted). "It is also a general rule of equity jurisprudence in Texas that a party mst show that he has complied with his obligations under the contract to be entitled to specific performance." *Id., citing Glass v. Anderson*, 596 S.W. 2d 507, 513 (Tex. 1980)("A party who asks a court of equity to compel specific performance of a contract must show his own compliance with the contract."). "Generally speaking, it is a prerequisite to the equitable remedy of specific performance that the buyer of land shall have made an actual tender of the purchase price." *Id.* at 594*, quoting Wilson v. Klein*, 715 S.W. 2d 814, 822 (Tex. App.--Austin 1986, writ ref'd n.r.e.). "As a consequence, a plaintiff seeking specific performance, as a general rule, must actually tender performance as a prerequisite to obtaining specific

-6-

performance."  *Id., citing McMillan v. Smith*, 363 S.W. 2d 437, 442-43 (Tex. 1962).

Fannie Mae contends that because Plaintiff admits that he terminated the contract, he cannot show that he was "ready, willing and able" to complete the contract.  He also admits that he canceled the contract and therefore cannot show that he tendered the purchase price to Fannie Mae.  Thus the Court should dismiss his claims against Fannie Mae.

Finally, Fannie Mae notes that Plaintiff also filed a *lis pendens* in the Official Real Property Records of Fort Bend County under  Clerks Number 2015055598, which Fannie Mae states has impaired Fannie Mae's ability to transfer and sell the Property.  Since Plaintiff has voluntarily terminated the contract without tendering performance, he has no interest in or claim to the Property.  Fannie Mae has asked the court to order the *lis pendens* removed.

In addition, in Fannie Mae's Notice of No Response (#4) Fannie Mae observes that under Local Rule 7.4, Plaintiff's failure to respond to Fannie Mae's motion is construed as a representation of no opposition.  Therefore Fannie Mae requests the Court to enter an order granting the motion to dismiss and ordering removal of the *lis pendens*.

**Magistrate's Memorandum and Recommendation (#5)**

Magistrate Judge Stacy agrees with Fannie May's motion to dismiss Plaintiff's specific performance claim for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

As for the *lis pendens*, the Magistrate Judge reviewed Fannie Mae's pleadings, which did not assert any claims of its own and did not ask for any type of affirmative relief other than attorneys' fees and costs in its Answer.  #1-3 at pp. 11-14.  She therefore concluded that in the absence of a pleading, the request that the Court vacate the *lis pendens* be denied.

**Court's Decision**

The Court also concurs with Fannie Mae and the Magistrate Judge that Plaintiff's specific performance claim should be dismissed pursuant to the law cited in this Opinion and Order.

The Court, however, disagrees with the Magistrate Judge that Fannie Mae's motion to remove *lis pendens* should be denied.

A "*lis pendens*" is "a mechanism to give constructive notice to all those taking title to the property that the claimant is litigating a claim against the property."  *In re Jamail*, 156 S.W. 3d 104, 107 (Tex. App.--Austin 2004, *See* no pet.).  A *lis pendens* is properly filed when the litigation involves the establishment of an interest in real property, as Plaintiff has attempted to do here.  *Id*.  *See* Texas Property Code § 12.007(a), which states in relevant part, "[D]uring the pendency of an action involving title to real property [or] the establishment of an interest in real property, . . . a party to the action who is seeking affirmative relief may file for record with the county clerk of each county

where a part of the property is located a notice that the action is pending."  "[A] properly filed notice of lis pendens prevents a purchaser for value from acquiring property free and clear of encumbrances reference in the lis pendens."  *Cohen v. Sandcastle Homes, Inc.*, ___ S.W. 3d ___, Nos. 01-13-00267-CV, 01-13-00233-CV, 2015 WL 832057, at *5 (Tex. App.--Houston [1st Dist.] Feb. 26, 2015, no pet.), *citing* Tex. Prop. Code § 13.004(b).[1]  "A properly filed *lis pendens* is not itself a lien, but rather it operates as constructive notice 'to the world of its contents.'"  *In re Cohen*, 340 S.W. 3d 889, (Tex. App.--Houston [1st Dist.] 2011), *quoting* Tex. Prop. Code Ann. § 13.004(a).

Texas Property Code § 12.0071(a) states, "A party to an action in connection with which a notice of lis pendens has been filed may:  (1) apply to the court to expunge the notice; and (2) file evidence, including declarations, with the motion to expunge

---

[1] Section 13.004(b) provides,

> A transfer or encumbrance of real property involved in a proceeding by a party to the proceeding to a third party who has paid a valuable consideration and who does not have actual or constructive notice of the proceeding is effective, even though the judgment is against the party transferring or encumbering the property, unless a notice of the pendency of the proceeding has been recorded and indexed under that party's name as provided by Section 12.007(c) in each county in which the property is located.

*Cohen v. Sandcastle*, 2015 WL 832057, at *5,*citing Cherokee Water Co. v. Advance Oil & Gas Co.*, 843 S.W. 2d 132, 135 (Tex. App.-Texarkana 1992, writ denied)("The rule effectively prevents a grantee from being an innocent purchaser.").

the notice." Texas Property Code § 12.0071(c) provides in relevant part,

> The court shall order the notice of lis pendens expunged if the court determines that:
>
> (1) the pleading on which the notice is based does not contain a real property claim;
>
> (2) the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim . . . .

*See also Jordan v. Hagler*, 179 S.W. 3d 217, 222 (Tex. App.--Fort Worth 2005)(a "lis pendens is voidable and capable of being cancelled by the trial court" where it gives notice of a claim to property that is not available to the party giving notice).

A court may cancel a *lis pendens* where it is improper at the request of party prevailing against the claimant litigating a claim against the property, as is the case here, once the Court has determined that Plaintiff has no interest and no claim to the Property. *Garza v. Pope*, 949 S.W. 2d 7 (Tex. App.--San Antonio 1997)(holding that trial court abused its discretion when it failed to cancel or modify *lis pendens*). "Where *lis pendens* is improper and the trial court has refused to cancel it mandamus may lie to obtain relief." *Id.* at *8. *See also Olbrich v. Touchy*, 780 S.W. 2d 6, at *7 (Tex. App.--Houston [14th Dist.] 1989)(citing two cases that, "[a]lthough factually diverse, these cases resemble the instant case in that the parties' claims in the property were unsupported by title, interest or encumbrance" and therefore "the lis pendens is improper"), *citing Moss v. Tennant*, 722 S.W. 762, 763 (Tex. App.--Houston [14th Dist.] 1986)(where *lis*

*pendens* is void, request to cancel notice of *lis pendens* is proper).

Accordingly, for the reasons indicated above, the Court

ADOPTS the Magistrate Judge's ruling on Fannie Mae's motion to dismiss and ORDERS that the motion is GRANTED. The Court

OVERRULES the Magistrate Judge's recommendation that the Court deny Fannie Mae's motion to remove *lis pendens* and

ORDERS that the motion is GRANTED.

Fannie Mae has requested an award of attorney's fees and costs. The Court

ORDERS that Fannie Mae shall submit within 20 days from entry of this order a supporting affidavit and fee records that satisfy the factors set out in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 171-19 (5th Cir. 1974). *See Campbell v. Hardradio*, No. 3:01-CV-2663-BF, 2003 U.S. Dist. LEXIS 23584, *5 (N.D. Tex. Dec. 31, 2003)(determination of reasonable attorneys' fees under Texas law is "virtually identical to the *Johnson* factors used by the Fifth Circuit."), *citing Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W. 2d 812, 818 (Tex. 1997); *Vela v. City of Houston*, 276 F.3d 659, 679-81 (5th Cir. 2001). Plaintiff may file a timely response.

**SIGNED** at Houston, Texas, this  8th  day of  December , 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE